IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

AT&T CORP.,
a New York corporation,

    Plaintiff,

vs.

CANOPY INTERNATIONAL, Inc.
f/k/a OBTECH, Inc.
a Delaware corporation

    Defendant.

Case No. 04 10397 RCL

MAGISTRATE JUDGE Alexander

RECEIPT # 54161
AMOUNT $150
SUMMONS ISSUED
LOCAL RULE 4.1
WAIVER FORM
MCF ISSUED
BY DPTY. CLK
DATE 2/27/04

**COMPLAINT FOR BREACH OF CONTRACT**
**TARIFF VIOLATION AND QUANTUM MERUIT/**
**UNJUST ENRICHMENT**

Now comes Plaintiff, AT&T Corp. ("Plaintiff"), through its undersigned counsel, and for its Complaint, complains and alleges of Defendant, Canopy International ("Defendant"), as follows:

**JURISDICTION AND VENUE**

1.    Plaintiff is a corporation organized and existing under the laws of New York with its principal place of business located at One AT&T Way, Bedminster, New Jersey 07921, and is authorized to do business as a foreign corporation within the State of Massachusetts.

2.    Plaintiff is informed and believes and thereon alleges that Defendant is a corporation organized and existing under the laws of Delaware with its principal place of business in the State of Massachusetts, County of Middlesex, to which location Plaintiff rendered tariffed communications services that are the subject of this Complaint.

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1332(a), in that the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between parties that are citizens of different states.

4. This Court also has subject matter jurisdiction pursuant to 28 U.S.C. §§1331 and 1337, in that the action arises under the statutes of the United States. The amount sought to be recovered hereunder is for interstate communications service provided under tariff[s] filed with the Federal Communications Commission ("F.C.C.") pursuant to the Communications Act of 1934, as amended, 47 U.S.C. §203; American Telephone and Telegraph Company v. Florida-Texas Freight, Inc., 357 F.Supp. 977 (S.D. Fla. 1973), aff'd, 485 F.2d 1390 (5th Cir. 1973).

5. Venue is proper under 28 U.S.C. §1391(b), in that Defendant resides in this judicial district and the tariffed communication services at issue were provided to Defendant in this judicial district.

## GENERAL ALLEGATIONS

6. Between June, 1998 and February, 2001 Defendant ordered three separate AT&T Private Line tariffed communications services.

7. AT&T provided Defendant with Private Line telecommunications services under account numbers 8001-838-3358, 8002-112-7867 and 8001-920-8265 (the "Services").

8. Services were provided by AT&T in accordance with Master Agreement MA 23319, Contract Tariff No. 13700 and the Service Order Attachment (see Exhibit A attached hereto and incorporated herein), as well as Tariffs on file with the F.C.C., including Tariff Nos. 1, 2, 9, 11, and 13.

9. During the term of Service, Defendant failed to pay monthly and other charges totaling $182,432.33.

10. Plaintiff has demanded payment in full for the Services provided to Defendant, but has received no part of the $182,432.33, which is due.

## FIRST CAUSE OF ACTION
### (Breach of Contract)

11. Plaintiff incorporates by reference as if fully set forth herein, the allegations contained in paragraphs 1 through 10 above.

12. Defendant's refusal and failure to pay, as set forth above, constitutes a breach of contract.

13. As a result of Defendant's breach of contract, Plaintiff has suffered damages in the amount of $182,432.33.

14. Plaintiff is entitled to all amounts owed under the Contract, plus collection costs (including, but not limited to, reasonable attorneys' fees) pursuant to the Master Agreement and interest associated with Defendant's breach.

## SECOND CAUSE OF ACTION
### (Tariff Violation)

15. Plaintiff incorporates by reference as it fully set forth herein, the allegations contained in Paragraphs 1 through 14 above.

16. Plaintiff has satisfied all of its obligations under the tariffs set forth above.

17. Defendant's refusal to pay, as set forth above, constitutes a violation of these tariffs.

18. As a result of Defendant's tariff violations, Plaintiff is entitled to all amounts owed under the tariff, plus interest, fees, costs and other expenses associated with Defendant's violation as provided for in Tariff F.C.C. No. 1.

WHEREFORE Plaintiff prays for judgment as more fully set forth below:

1. For the principal sum of $182,432.33 in unpaid monthly and other charges, plus interest at the legal rate on each month's charge for Plaintiff's services from the date the charge was due until it is paid;

2. For collection costs (including, but not limited to, reasonable attorneys' fees) pursuant to the Master Agreement; and

3. For such other and further relief as this Court may deem just and proper.

Respectfully submitted,
AT&T Corp.,
By it's attorneys:

_____
William M. Zall
BBO #554135
Cunningham, Machanic, Cetlin,
Johnson & Harney, LLP
220 North Main Street
Natick, MA 01760
TEL:(508) 651-7524
FAX:(508) 653-0119

Dated: February 27, 2004

4