UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

. . . . . . . . . . . . . . .
AT&T CORP.,

        Plaintiff,

   v.                          CIVIL ACTION
                                 NUMBER 04-10397-RCC

CANOPY INTERNATIONAL, INC.
f/k/a OBTECH, INC.,

        Defendant.
. . . . . . . . . . . . . . .

    Defendant Canopy International, Inc. ("Canopy"), by its attorneys, hereby answers the complaint as follows:

    1.    Canopy lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 1 of the Complaint.

    2.    Canopy admits that it is a corporation organized and existing under the laws of Delaware and denies the remainder of the allegations contained in paragraph 2 of the Complaint.

    3.    Canopy states that paragraph 3 contains legal conclusions to which no responsive pleading is necessary and otherwise denies that the amount in controversy is excess of $75,000.

    4.    Canopy states that paragraph 4 contains legal conclusions to which no responsive pleading is required.

5. Canopy states that paragraph 5 contains legal conclusions to which no responsive pleading is required but otherwise admits that Canopy received certain services from AT&T in this judicial district.

6. Canopy admits that it ordered certain services from AT&T but lacks knowledge or information sufficient to form a belief as to whether such services were "tariffed communications services."

7. Admitted.

8. Canopy admits that it entered into an agreement with AT&T and refers to that document for a full and complete recitation of its terms.

9. Denied.

10. Canopy admits that AT&T has demanded payment of $182,432.33 but denies that it owes the money.

## FIRST CAUSE OF ACTION

### (Breach of Contract)

11. Canopy repeats its answers to paragraphs 1-10 of the complaint as if set forth here in full.

12. Denied.

13. Denied.

14. Denied.

## SECOND CAUSE OF ACTION

### (Tariff Violation)

15. Canopy repeats its answers to paragraphs 1-14 of the complaint as if set forth here in full.

16. Denied.

17. Denied.

18. Denied.

### First Affirmative Defense

The Complaint fails to state a claim for relief upon which relief may be granted.

### Second Affirmative Defense

This action is barred by the applicable statutes of limitations.

### Third Affirmative Defense

This action is barred by the doctrines of waiver and estoppel, accord and satisfaction, and laches.

### Fourth Affirmative Defense

This action is barred because Canopy has not breached any contract with plaintiff.

### Fifth Affirmative Defense

This action is barred because Canopy owes no money to plaintiff.

### Sixth Affirmative Defense

This action is barred because, to the extent that Canopy had any contractual obligation to plaintiff, it discharged and satisfied all of their contractual obligations.

### Eighth Affirmative Defense

This action is barred because plaintiff has failed to mitigate any damages which it alleges that it suffered.

### Ninth Affirmative Defense

This action is barred because Canopy terminated and cancelled the services for which it is being charged.

**WHEREFORE**, Canopy requests that this Court:

1. Dismiss plaintiff's complaint with prejudice.

2. Award Canopy its costs, expenses and attorneys' fees; and

3. Grant such other and further relief as this Court deems just and proper.

**JURY DEMAND**

Canopy demands a trial by jury on all claims triable to a jury.

Dated: August 16, 2004

Respectfully submitted,
CANOPY INTERNATIONAL, INC.,
By its attorneys,

/s/ Philip Y. Brown
Philip Y. Brown (BBO #552366)
ADLER POLLOCK & SHEEHAN P.C.
175 Federal Street
Boston, Massachusetts 02110
(617) 482-0600

**Certificate of Service**

I, Philip Y. Brown, do hereby certify that on August 17, 2004, I caused a copy of the foregoing to be served by first class mail, postage prepaid upon William M. Zall, Cunningham, Machinic, Cetlin, Johnson & Harney, LLP, 220 North Main Street, Natick, MA 01760.

/s/ Philip Y. Brown
Philip Y. Brown